IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-509

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $25,034.00 IN U.S. CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | **COMPLAINT FOR** <br> **FORFEITURE *IN REM*** |

The United States of America, by the United States Attorney for the Eastern District of North Carolina, states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) providing for the forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act.

2. This Court has subject matter jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). The Court has in rem jurisdiction by virtue of 28 U.S.C. § 1355(b). Venue in this district is proper by virtue of 28 U.S.C. § 1395(b).

3. The defendant is $25,034.00 in U.S. Currency seized from Reginald Lamont Lewis on or about June 26, 2018.

4. The defendant was seized in Vance County, North Carolina and is currently located in the custody of the U. S. Marshal's Service within the Eastern District of North Carolina.

5. The only known potential claimant in this action, Reginald Lamont Lewis, has disclaimed any interest in the defendant property as set forth below

6. The facts and circumstances supporting the forfeiture of the defendant property is set forth in paragraphs 7 through 11 below. Such facts constitute probable cause for the forfeiture of the defendant property and are sufficient to support a reasonable belief that the government will meet its burden of proof at trial that the defendant property should be forfeited.

7. On December 20, 2018, a Grand Jury in the Eastern District of North Carolina returned a six-count Criminal Indictment against Reginald Lamont Lewis, styled *United States v. Lewis*, No. 5:18-CR-518-D, charging violations of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c).

8. On October 31, 2019, Reginald Lamont Lewis entered a plea of guilty pursuant to a written Plea Agreement as to Count Five of the Indictment, charging him with an offense in violation of 21 U.S.C. § 841(a)(1) related to conduct occurring on or about October 31, 2018. The Plea Agreement was approved by the Court and is filed at Docket Entry 46 of Case No. 5:18-CR-518-D.

9. Pursuant to the terms of his Plea Agreement, Reginald Lamont Lewis agreed to "voluntarily forfeit and relinquish to the United States the property specified in the Indictment," to include the defendant property herein, consenting also to this Court's jurisdiction to order such property's forfeiture and/or disposal.

10. At his sentencing hearing on May 22, 2020, Reginald Lamont Lewis executed a "Consent to Forfeiture and Waiver" in which he stipulated to a factual basis for civil forfeiture of the defendant property, consented to the civil judicial forfeiture of the defendant property, and waived further notice of and the opportunity to contest the forfeiture of the defendant property. This document was accepted by the Court for filing at Docket Entry 68 of Case No. 5:18-CR-518-D.

11. The defendant constitutes monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is, therefore, subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that judgment be entered declaring the defendant property to be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 13th day of December 2021.

                MICHAEL F. EASLEY, JR.
                United States Attorney

                BY: /s/ Matthew L. Fesak
                     MATTHEW L. FESAK
                Assistant United States Attorney
                Civil Division
                150 Fayetteville Street, Suite 2100
                Raleigh, NC 27601-1461
                Telephone: (919) 856-4530
                Facsimile: (919) 856-4821
                E-mail: matthew.fesak@usdoj.gov
                NC State Bar #35276
                Attorney for Plaintiff

# VERIFICATION

I, Adam Wiza, Deputy U. S. Marshal, U.S. Marshals Service, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture is based on reports and information known and/or furnished to me and to the best of my information and belief, is true and correct.

This the 8th day of December 2021.

Adam Wiza
Deputy U. S. Marshal
U.S. Marshals Service